IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| ISRAEL ARCE, | ) | |
| Plaintiff, | ) | Case No.   14 CV 102 |
| | ) | |
| v. | ) | Judge Gary Feinerman |
| | ) | Magistrate Judge Sheila Finnegan |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE
THE ERRATA SHEETS FOR CHARLOTTE ARCE'S DEPOSITION**

Defendant Chicago Transit Authority (CTA"), a municipal corporation, pursuant to Rule 30 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule"), submits this Reply in further support of its Motion to strike the errata sheets for Charlotte Arce's deposition, stating as follows:

**I.      THE ERRATA SHEETS WERE UNTIMELY**

As requested by the Court, CTA obtained the return receipt of the certified letter from McCorkle Court Reporters notifying Mrs. Arce that her transcript was ready for review, which appears to show that Mrs. Arce received notification on July 25, 2015. (Ex. 1) Accordingly, pursuant to Rule 30, Mrs. Arce was required to review her transcript and, if there were changes, to sign a statement reciting such changes and the reasons given for making them within 30 days, i.e., by August 24, 2015. Fed. R. Civ. P. Rule 30(e); *Welsh v. R.W. Bradford Transp.*, 231 F.R.D. 297, 298 (2005) (emphasis in original) (noting that this section of Rule 30 "could not be more straightforward: a deponent has *30 days* after notification by the court reporter to review the deposition transcript *and* to sign a statement setting forth any changes and the reasons for those changes"). Here, contrary to Plaintiff's Response, Mrs. Arce did not execute the certification

certifying the changes to her deposition until August 25, 2015. (Docket Entry ("D.E.") 132, Ex. C thereto) Thus, the errata sheets are untimely under Rule 30(e) and should be stricken.

## II.    MRS. ARCE CANNOT MAKE CHANGES THAT DIRECTLY CONTRADICT HER DEPOSITION TESTIMONY

In the Response, Plaintiff asserts that the Seventh Circuit "adheres to the rule that permits a deponent to change his or her testimony from what he or she said to that which he or she meant to say," relying on *TAS Distributing Co. v. Cummins, Inc.*, 2009 WL 3518093 (C.D. Ill. October 27, 2009). (Doc. 137, p. 3) Plaintiff's characterization of *TAS Distributing* is disingenuous. *TAS Distributing* unambiguously holds that "[t]he Seventh Circuit is among the courts that allow substantive changes *so long as they are not direct contradictions of deposition testimony*." *Id*. at 1 (emphasis added). As illustrated in CTA's opening brief, this is exactly what Mrs. Arce attempts to do with her errata sheets. (Doc. 132, ¶¶ 7-10)[1] Notably, Plaintiff does not argue that Mrs. Arce's errata sheets *do not* contradict her sworn deposition testimony, or explain how the examples provided by CTA are not contradictory. Nor does Plaintiff argue that the changes are necessitated by any transcription errors. Accordingly, the errata sheets should be stricken. *See Ali v. The Final Call*, 2015 WL 3856076 at *2-3 (Feinerman, J., June 19, 2015) ("absent a transcription error, the Rule does not allow post-deposition changes that contradict the deponent's testimony …."), citing *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ("We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually

---

[1] Plaintiff's Response urges the Court to deny CTA's Motion on the basis that it "cherry picked" changes from the errata sheets and failed to delineate each time Mrs. Arce attempted to contradict her testimony. In its original Motion, CTA provided numerous examples of the substantive changes contained in Mrs. Arce's errata sheets which contradicted her testimony, and also argued other grounds for striking those changes. If desired, CTA will provide the Court with a detailed chart setting forth the specific basis for striking each of the 67 proposed changes.

contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'" ).

### III.  PLAINTIFF'S REMAINING ARGUMENTS ARE BASELESS

Finally, Plaintiff argues – without citation to any authority – that the errata sheets should not be stricken because CTA has failed to show how it has been prejudiced by the proposed changes, and points out that CTA can still cross examine Mrs. Arce with the original answers at trial during cross examination. (D.E. 137, pp. 5-6) Plaintiff's arguments in this regard are nothing more than a red herring. First, nothing in Rule 30 permits a deponent to directly contradict her deposition testimony so long as no prejudice results. Second, the fact that a party can cross examine a deponent with the original answers at trial does not cure the potential effect of the errata sheets on summary judgment. *See Eckert v. Kemper Finan. Svcs.*, 1998 WL 699656 at 5 (N.D. Ill. Sept. 30, 1998) ("Congress did not, however, write Rule 30(e) so plaintiffs could create sham issues of fact to defeat summary judgments"); *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1168-70 (7th Cir. 1996) (use of affidavits to contradict previous deposition testimony and thereby create sham issues of fact to avoid summary judgment prohibited); *Ali v. Final Call*, 2015 WL 3856076 at 2-3 (N.D. Ill. June 19, 2015) citing *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) ("We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition, that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'" ). Because the requirements of Rule 30 do not hinge on prejudice, and cannot be read to render Rule 56 superfluous, Mrs. Arce's attempt to contradict her deposition testimony should be stricken.

## **CONCLUSION**

For the reasons stated above and set out in its original Motion to Strike, CTA respectfully requests that this Court strike the errata sheets submitted for Mrs. Arce's deposition.

Dated:          October 22, 2015                              Respectfully submitted,

                                                                         By: /s/ Mona Lawton
                                                                              One of its Attorneys

Mona Lawton
Piemengie Hamisu
Chicago Transit Authority Law Dept.
567 W. Lake Street, 6th Floor
Chicago, Illinois 60661
Phone: (312) 681-2929; Fax: (312) 681-2995
Email: mlawton@transitchicago.com